IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HANCOCK FABRICS, INC.                                            PLAINTIFF

V.                                                            CAUSE NO.: 1:12CV131-SA-DAS

ROWDEC, LLC d/b/a WESTLAKE ASSOCIATES                       DEFENDANT

   with

ROWDEC, LLC                                                            PLAINTIFF

V.                                                            CAUSE NO.: 1:12CV222-SA-DAS

HANCOCK FABRICS, INC.                                            DEFENDANT

MEMORANDUM OPINION

Hancock Fabrics, Inc., filed a Motion to Stay Arbitration Proceeding and for Sanctions [70] against Defendant Westlake. The Court has reviewed the history of this case, the briefs, filings, case law and authorities, and finds as follows:

*Factual and Procedural History*[1]

Hancock and Westlake entered into a Consulting and Sales Agreement (CSA), which included an arbitration clause. Westlake chose to invoke that clause when a difference of opinion regarding the calculation of royalties pursuant to the CSA arose between the parties.

The arbitrator issued his award on March 22, 2012, granting Westlake's request for relief against Hancock. In addition to damages awarded, the arbitrator additionally awarded attorneys' fees and costs against Hancock. Hancock immediately filed an action in the Lee County Circuit Court contesting the authority of the arbitrator to award attorneys' fees under the CSA. That action was removed to this Court. *See Hancock Fabrics, Inc. v. Rowdec, LLC*, No. 1:12cv131-

---

[1] The history involved in this case has been well-documented by the Court. *See* Memorandum Opinion [29], No. 1:12cv131-SA (Mar. 7, 2013); Memorandum Opinion [44], No. 1:12cv131-SA (Nov. 19, 2013). For purposes of this motion, a condensed version of the facts is sufficient.

SA-DAS, Notice of Removal [1] (N.D. Miss. June 4, 2012). Westlake filed a confirmation action in Texas, which was then transferred to the Northern District of Mississippi and consolidated with the initial Hancock case. *See Rowdec, LLC v. Hancock Fabrics, Inc.*, No.: 1:12cv222-SA-DAS, Order [48] (N.D. Miss. Oct. 18, 2012) (consolidating cases). The transferred action sought confirmation of the arbitral award in all respects, and specifically requested that "in doing so, confirm that the Award obligates Hancock to pay the attorneys' fees award and royalties to Westlake on all Identified Products, wherever they may be sold."

In November of 2013, the Court confirmed the arbitral award, "but not to the extent requested." Indeed, the Court declined to clarify the definition of "Identified Products" as requested by Westlake on the finding that the arbitral award was unambiguous.

Two months later, Westlake filed a Motion to Enforce Judgment, a Motion for Independent Audit, a Motion for Contempt, and Motion for Hearing [45] contending that Hancock was not complying with the disclosure requirements of the CSA and arbitral award pursuant to the Court's prior order. In denying those requests, the Court noted that Westlake failed to comply with the requirements for review as agreed upon under the CSA. The Court cautioned that the proper course of action was to follow the contract agreed to by the parties.

After that ruling, Westlake notified Hancock that its Monthly Report for Period 7 was "incomplete and inaccurate" in that Hancock continued to calculate royalties on Identified Products sold in only certain Hancock stores, rather than Identified Products sold in Hancock's entire chain. Westlake further objected to Hancock's failure to make available all records related to the Monthly Report. Hancock responded within the contractually agreed upon ten day period and cited language from this Court's September 23, 2014 Order that the Court "refused to hold that the arbitral award obligated Hancock to pay royalties to Westlake on all 'Identified

Products' that Hancock sells, as opposed to all 'Identified Products' Hancock sold within the craft departments of its stores," to justify that the reports were accurate and complete.

In response, Westlake filed an Arbitration Demand and request for Declaratory Judgment with the prior arbitration firm. Hancock has since filed in this Court a Motion to Stay Arbitration and for Sanctions [70].

*Analysis and Discussion*

Hancock contends that Westlake is now precluded from arbitrating its claims under the doctrines of waiver and res judicata. Hancock's contentions implicate issues surrounding the applicability of the arbitration agreement. The parties admittedly have a binding agreement to arbitrate "[a]ny dispute, claim or controversy between the parties arising under or related to [the CSA]."

Historically, courts have struggled to determine where the line is between judicial and arbitral decision-making. Indeed, both the doctrines of waiver and res judicata have recently been noted to "implicate the division of labor between the courts and arbitrators," in deciding these arbitration-related questions. *Grigsby & Assocs., Inc. v. M Sec. Inv.*, 664 F.3d 1350, 1352 (11th Cir. 2011). The United States Supreme Court clarified this division of labor in *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002). The *Howsam* Court noted that two "gateway disputes" are presumptively for the courts: "whether the parties are bound by a given arbitration clause" and "whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Id*. at 84, 123 S. Ct. 588. The Supreme Court also listed other questions that are presumptively for the arbitrator, including "procedural questions which grow out of the dispute and bear on its final disposition," and "allegations of waiver, delay, or a like defense to arbitrability." *Id*., 123 S. Ct. 588. Moreover,

other "issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." *Id.*, 123 S. Ct. 588 (citation omitted).

Waiver

Despite the Supreme Court's list of issues including "waiver" as a question presumptively for the arbitrator, the Fifth Circuit has continued to address waiver of the right to arbitrate as an issue for the court. *See Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344-45 (5th Cir. 2004).[2] Accordingly, a determination as to whether Westlake has waived its right to arbitrate shall be made by the Court.

"The right to arbitration, like any other contract right, can be waived. A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right." *Miller Brewing Co. v. Fort Worth Distr. Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986) (quoting *Cornell & Co. v. Barber & Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966)). To invoke the judicial process, a 'party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). "'There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden.'" *Id.* (quoting *PAICO Receivables, LLC*, 383 F.3d at 344).

---

[2] Four other Circuit Courts of Appeals have since interpreted *Howsam* as presumptively assigning the courts, rather than arbitrators, questions involving allegations of waiver when the waiver is specifically based on a party's conduct. *See Grigsby & Assocs.*, 664 F.3d at 1353; *JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393-94 (6th Cir. 2008); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217-19 (3d Cir. 2007); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 12-14 (1st Cir. 2005). In determining that waiver of the right to arbitrate when based on a party's conduct in a judicial forum is a court decision, the Eleventh Circuit recognized that such determination should be made by the decisionmaker with greater expertise in recognizing and controlling abusive forum-shopping. *Grigsby & Assocs.*, 664 F.3d at 1354 (citing *Ehleiter*, 482 F.3d at 218; *JPD, Inc.*, 539 F.3d at 394); *see also Howsam*, 537 U.S. at 85, 123 S. Ct. 588 (recognizing the need to consider the comparative expertise of courts and arbitrators to secure a fair and expeditious resolution of the underlying controversy).

"'Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" *Mirant Corp.*, 613 F.3d at 588-89 (quoting *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991)) (internal quotation marks and citation omitted). "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position." *Id.* at 591 (quoting *Nicholas v. KBR, Inc.*, 565 F.3d 904, 910 (5th Cir. 2009)). The Fifth Circuit has stated that "[t]hree factors are particularly relevant to the prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." *Petroleum Pipe Am. Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) (quoting *PAICO Receivables, LLC*, 383 F.3d at 346) (internal quotation omitted).

Hancock asserts that Westlake waived its right to arbitrate by "prosecuting in this Court its request for broad royalties." Westlake commenced the confirmation proceeding, sought to change the venue of Hancock's modification application, defended themselves in that action, and later requested enforcement of the judgment in order to get an independent analysis of Hancock's royalties structure. All discovery was conducted in the prior arbitration proceeding; thus, no discovery was required in either civil action. Moreover, Hancock did not contest the confirmation of the award as much as it attempted to vacate only the attorneys' fee portion awarded by the arbitrator. As for the timely assertion of its right to arbitrate, the Court notified the parties in September of 2014 that arbitration was the more appropriate venue for their issues with the arbitral judgment. Westlake, after the contractual time period for consultation, filed for subsequent arbitration in November of that year. The Court cannot say that Westlake failed to timely assert its right to arbitrate, nor that prejudice has imbued to the detriment of Hancock,

who also availed itself of a judicial forum. Accordingly, Westlake has not substantially invoked the judicial process such that Hancock has been prejudiced. Thus, Westlake has not waived its right to arbitrate.

Res Judicata

Hancock contends that the claim Westlake now seeks to arbitrate was the claim that the Court earlier addressed when confirming the arbitral award. Westlake filed suit, which was later transferred to the Northern District of Mississippi, seeking a confirmation of the arbitration award, and in particular ordering

> Hancock to pay Westlake royalties on all products sold in the Hancock craft department during the six year term of the Agreement, including all products and items that previously existed and were sold or currently exist and are sold during the term of the Agreement and that are classified in any of the categories listed on Exhibit B of the Award.

*Rowdec, LLC v. Hancock Fabrics, Inc.*, No. 1:12-cv-222-SA-DAS, Complaint [2] at 4 (N.D. Miss. May 9, 2012). The Court explained that review of arbitration awards made under the FAA was "extraordinarily narrow" as well as "exceedingly deferential" and that the Court must "defer to the arbitrator's decision when possible." *Id*., Memorandum Opinion [63] at 4 (N.D. Miss. Nov. 19, 2013) (quoting *Prestige Ford v. Ford Dealer Comp. Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003), and *Am. Laser Vision P.A. v. Laser Vision Inst., LLC*, 487 F.3d 255, 288 (5th Cir. 2007)). After noting specific instances in the arbitral award that the arbitrator defined or referenced "Identified Products," the Court expressly declined to clarify the definition of "Identified Products" as requested by Westlake. *Id*., [63] at 10. The Final Judgment [62] entered in that case noted that the Court granted the Motion to Confirm Arbitration Award "but not to the extent requested."

Westlake's most recent arbitration complaint seeks a declaratory judgment that it

6

> shall be paid royalties from and in connection with the Initial Report (as requested by and defined in the Award) and all subsequent Monthly Reports (as required by and defined in the Award) on all Identified Products listed on Exhibit [sic] to the Award and sold in all Hancock retail outlets, including those without dedicated in-store craft departments.

*Hancock Fabrics, Inc. v. Rowdec, LLC*, No. 1:12-cv-131-SA-DAS, Motion to Stay [70-2] at 11 (N.D. Miss. Dec. 10, 2014).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The party asserting that res judicata applies has the burden of proving that preclusion is appropriate. *See Memphis—Shelby Cnty. Airport Auth. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 783 F.2d 1283, 1289 (5th Cir. 1986). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters*, 428 F.3d at 571.

An extensive search of Fifth Circuit case law reveals no clear indication of whether the doctrine of res judicata as it pertains to an arbitration award, and the court's confirmation thereof, is a question for the arbitrator or the court. Plaintiff cites to a 1986 case in which the Fifth Circuit held that because "an arbitration award involves the entry of judgment by a court, parties should be barred from seeking relief from arbitration panels when, under the doctrine of res judicata, they would be barred from seeking relief in the courts." *Miller Brewing*, 781 F.2d at 499. The Plaintiff also cites a more recent case in which the Fifth Circuit held that a district court's direction to proceed to arbitration was in error because to do so would violate the rule of collateral esltoppel and res judicata. *Local 1351 Int'l Longshoremens Assoc. v. Sea-Land Serv. Inc.*, 214 F.3d 566, 572 (5th Cir. 2000).

7

However, the Court's research additionally unearthed a 1982 case in which the Fifth Circuit held: "Whether the [arbitral] award can be given an effect akin to res judicata or stare decisis with regard to future disputes that may arise between the parties, neither the district court nor this court should decide. If the parties do not agree, that issue itself is a proper subject for arbitration." *Oil, Chem. & Atomic Workers Int'l Union v. Rohm & Haas, Tex., Inc.*, 677 F.2d 492, 494 (5th Cir. 1982) (citing *New Orleans Steamship Assoc. v. Gen. Longshore Workers*, 626 F.2d 455 (5th Cir. 1980)). The Fifth Circuit noted there that because the arbitration clause was broad enough to include collateral disputes, and the arbitrator's award was not subject to judicial review on the merits, "collateral questions about the scope or application of an award are themselves questions for arbitration." *Id.* at 495.

After these cases were decided by the Fifth Circuit, the United States Supreme Court handed down its decision in *Howsam*. 537 U.S. 79, 123 S. Ct. 588. This case expounded on procedural and substantive arbitrability, as well as the decision-making obligations of both the court and arbitrators as to those issues. As noted above, the Court explained that matters implicating the procedural questions which grow out of a dispute and "bear out its final disposition" are presumptively not for the judge, but for an arbitrator, to decide. *Id*. at 84, 123 S. Ct. 588 (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964)). In relying on the Supreme Court's decision in *Howsam*, the Eleventh Circuit has held that res judicata is such a procedural matter that is a question for the arbitrator, in the absence of an agreement to the contrary between the contracting parties. *See Grigsby & Assocs.*, 664 F.3d at 1353; *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109 (11th Cir. 2004). Other Circuits have reached that conclusion as well. *See Citigroup, Inc. v. Abu Dhabi Investment Auth.*, 776 F.3d 126 (2nd Cir. 2015); *Employers Ins. Co. of Wausau v. OneBeacon*

*Am. Ins. Co.*, 744 F.3d 25 (1st Cir. 2014); *Indep. Lift Truck Builders Union v. NACCO Materials Handling Grp., Inc.*, 202 F.3d 965, 968 (7th Cir. 2000) ("[T]he preclusive effect of the first arbitrator's decision is an issue for a later arbitrator to consider."); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1132 (9th Cir. 2000) ("[A] res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must be considered by the arbitrator, not the court."); *U.S. Fire Ins. Co. v. Nat'l Gypsum Co.*, 101 F.3d 813, 817 (2d Cir. 1996) ("[T]he issue-preclusive effect of a prior arbitration is arbitrable and so must be arbitrated.").

Arbitration is a creature of contract, and courts have long since drawn the conclusion that as a matter of contract, no party can be forced to arbitrate an issue unless that party has entered into an agreement to do so. *See AT&T Tech. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). Here, it is undisputed that two sophisticated parties voluntarily contracted to arbitrate "[a]ny dispute, claim or controversy between the parties arising under or related to this Agreement or the parties' performance there-under . . . ."

In confirming the arbitral award, the Court was not required to make a merits-based determination. *See Citigroup*, 776 F.3d at 128-29 (noting that the arbitration award was confirmed through a limited procedure that did not require consideration of the merits of the underlying action); *Chiron*, 207 F.3d at 1133-34 (noting that the court decides whether to confirm an arbitration award "without reviewing either the merits of the award or the legal basis on which it was reached."). Indeed, the Court acknowledged its limited authority in reviewing the arbitration award as noted above. The Court recognized that "[c]onsistent with the parties' choice, therefore, it is for the arbitrator, not the court, to decide the merits of the parties' dispute; and it is for the arbitrator, not the court to find the facts and to decide to apply the law." *See*

*Hancock Fabrics, Inc. v. Rowdec, LLC*, No. 1:12cv131-SA, Memorandum Opinion [44] at 5 (N.D. Miss. Nov. 19, 2013) (citing *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 588, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008)); *see also Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 407, 409 (5th Cir. 2007) ("An arbitrator's factual findings 'are unreviewable' and 'must be accepted as true.'"). Accordingly, in confirming the award, the district court did not review the merits of the substantive claims or the context in which those claims arose. *See Biobased Sys., LLC*, No. H-06-2149, 2007 U.S. Dist. Lexis 26127, *2 ("[T]he court did not issue its own judgment on substantive issues it decided after trial or on a motion to dismiss or for summary judgment. '[A] judgment upon a confirmed arbitration award is qualitatively different from a judgment in a court proceeding, even though the judgment is recognized under the FAA for enforcement purposes.'") (quoting *Chiron*, 207 F.3d at 1133-34). Thus, as acknowledged by the Second Circuit,

> Under these circumstances, a district court unfamiliar with the underlying circumstances, transactions, and claims, is not the best interpreter of what was decided in the arbitration proceedings, the result of which it merely confirmed. *Accord Emplrs. Ins. Co. of Wausau v. OneBeacon Am. Ins.Co.*, 744 F.3d 25, 28-29 (1st Cir. 2014) (reasoning that because a federal judgment confirming an arbitration award "does not address the steps leading to the decision on the merits," there is "no reason why that [judgment] should give the federal court the exclusive power to determine the preclusive effect of the arbitration"); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133-34 (9th Cir. 2000) (reasoning that the policy underlying vesting district courts with authority to determine the claim-preclusive effect of their own judgments "is not served . . . when the district court merely confirmed the decision issued by another entity, the arbitrator, and was not uniquely qualified to ascertain [the] scope and preclusive effect" of that decision).

*Citigroup*, 776 F.3d at 133.

In light of the standards applied to the confirmation action, this Court has had limited exposure to the facts and analysis underlying the arbitration decision. However, an inquiry into the four res judicata factors would necessarily and inherently involve an examination of the

10

details of the prior arbitration. *Employers Ins. Co. of Wausau*, 744 F.3d at 29 ("[T]he arbitrator's path to reaching the decision on the merits determines the preclusive effect of the arbitration."). Resolution of whether Westlake is precluded from bringing a second arbitration action based on the first action would require an analysis into the scope of the arbitrator's award, which would necessitate a review of discovery materials not produced in this judicial proceeding. Indeed,

> [s]ince these matters are outside the purview of the court order confirming the arbitration decision, there is no reason why that order should give the federal court the exclusive power to determine the preclusive effect of the arbitration. The prerogative of the federal court to protect its own judgments does not need to extend beyond the scope of the judgment itself.

*Id.*

The Court finds additional persuasive authority that res judicata is a matter for the arbitrator to examine from other district courts under the umbrella of the Fifth Circuit. In a case factually on point with this case, a district court in the Eastern District of Louisiana held that because the court's scope of inquiry at the confirmation stage is so narrow and the arbitration clause was broad, the arbitrator was in a better position to determine the preclusive effect of the first arbitration. *Broadscape.com, Inc. v. KDS USA, Inc.*, Civil Action No. 01-cv-0607(N), 2001 U.S. Dist. Lexis 14609, at *16-23 (E.D. La. Sept. 12, 2001). There, like here, the parties engaged in arbitration, an award was granted by the arbitrator, the award was confirmed by the court, and a second arbitration was then demanded. *Id.*, 2001 U.S. Dist. Lexis 14609, at *1-4. The district court denied the "motion to stay the re-arbitration" because the parties had agreed by executing a broad arbitration agreement that any dispute arising out of those agreements would be resolved by arbitration. *Id.*, 2001 U.S. Dist. Lexis 14609, at *22.

The Southern District of Texas has reached that same conclusion. That district court found that where the arbitration agreement required arbitration of all disputes, and did not

11

contain language that would require the res judicata defense to be treated differently than other disputes, the preclusive effect of the prior arbitration decision itself was a component of the dispute on the merits. *Biobased Sys., LLC v. Biobased of S. Tex., LLC*, Civil Case No. H-06-2149, 2007 U.S. Dist. Lexis 26127, at *3-4 (S.D. Tex. Apr. 9, 2007) (citing *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135 (2d Cir. 1996)). As a result, the court noted that the res judicata issue is "subject to arbitration and must be decided by the arbitrator in the current proceeding." *Id.*

Accordingly, because the scope of the arbitration clause at issue is broad enough to cover "[a]ny dispute, claim or controversy between the parties arising under or related to [the CSA]," the res judicata defense asserted by Hancock is a "component" of the merits of the dispute, and is an arbitrable issue. *See Chiron*, 207 F.3d at 1134; *Nat'l Gypsum Co.*, 101 F.3d at 817 (holding that a collateral estoppel defense to arbitration based on a prior federal judgment should be decided by an arbitrator because it is a merit-based defense to arbitration); *John Hancock Mut. Life Ins.*, 151 F.3d at 138 ("Whether such a defense is itself arbitrable, like any other ambiguity in the scope of arbitration, must stem from the language of the arbitration agreement itself because arbitration is a matter of contract and a 'defense based on the issue preclusive effect of the prior judgment is part of the dispute on the merits.'") (quoting *Nat'l Gypsum*, 101 F.3d at 817). Thus, whether Westlake is precluded from bringing a second arbitration action is a question to be decided by an arbitrator.

*Conclusion*

The Court finds that Westlake has not waived its right to arbitration, and that Hancock's res judicata defense is arbitrable under the arbitration clause in the CSA. Accordingly, the

12

Motion to Stay Arbitration is DENIED.  Hancock's request for sanctions is likewise DENIED.

The pending Motion for Status Conference is MOOT.

  SO ORDERED, this the 27th day of August, 2015.

               **/s/ Sharion Aycock**
               **U.S. DISTRICT JUDGE**